1   Katrin E. Frank
    MacDonald, Hoague & Bayless
2   1500 Hoge Bldg
3   705 2 Ave
    Seattle WA  98104-1745
4   206-622-1604

```
                FILED IN THE
              U.S. DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON

                OCT 1 0 2002

         JAMES R. LARSEN, CLERK
         _____DEPUTY
         SPOKANE, WASHINGTON
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LLOYD E. BENDER,                            )
                                            )     No. CT-02-5085-WFN
        Plaintiff,                          )
                                            )
        v.                                  )     COMPLAINT FOR DAMAGES
                                            )     FOR WRONGFUL TERMINATION
CITY OF WALLA WALLA,                        )     IN VIOLATION OF PUBLIC
WASHINGTON, a noncharter code city;         )     POLICY, AND FOR DISCRIMI-
CHUCK FULTON, in his official and           )     NATION ON THE BASIS OF AGE
individual capacities; and TIM McCARTY,     )     AND DISABILITY
in his official and individual capacities,  )
                                            )     JURY DEMAND
        Defendant(s).                       )

   COMES NOW LLOYD E. BENDER, by and through his attorneys, Katrin E. Frank and MacDonald, Hoague & Bayless, and seeks damages for wrongful termination in violation of U.S. Const. amend. I and amend. XIV, and 42 U.S.C. § 1983, and for discrimination on the basis of age and disability in violation of RCW 49.60.  Plaintiff seeks punitive damages against Defendants Chuck Fulton and Tim McCarty.

COMPLAINT - 1

7474-1\kcf\bender\pleadings\complaint

ORIGINAL

MacDONALD, HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX. (206) 343-3961



## I. PARTIES

1.1 Plaintiff Lloyd E. Bender is now and at all times relevant hereto has been a resident of Walla Walla County, Washington. Further, at all times relevant hereto Plaintiff was an employee, or a recently-terminated employee, of the City of Walla Walla.

1.2 Defendant City of Walla Walla, Washington, is a noncharter code city pursuant to RCW 35A.02 et seq.

1.3 At all times relevant hereto, Defendant Chuck Fulton was employed by the City of Walla Walla as the Chief of Police and Acting City Manager.

1.4 At all times relevant hereto, Defendant Tim McCarty was employed by the City of Walla Walla as Support Services Director.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 over Plaintiff's claim for violation of the First Amendment, and 42 U.S.C. § 1983.

2.2 This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.3 Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because all the alleged unlawful actions took place in Walla Walla, Washington.

## III. FACTUAL ALLEGATIONS

3.1 Plaintiff Lloyd E. Bender became employed with the City of Walla Walla in 1993 as the Director of Data Processing.

3.2 Plaintiff was on medical leave in 1996 and returned to work in March 1997, after having been off for five months.

3.3 Plaintiff returned to the position of Data Processing Manager.

COMPLAINT - 2

7474-1.kcf\bender\pleadings\complaint

MacDonald, Hoague & Bayless
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

3.4    One month after his return, Plaintiff's manager, Jim Turpey, disregarding the City's procedures and ignoring the advice of the Finance Department, reassigned Plaintiff and reduced his salary from $5,009 a month to $3,398 a month.

3.5    In February 1998 Defendant City of Walla Walla ("the City") hired Bob Jones as the Director of Information Systems for the City and County.

3.6    Throughout Mr. Jones' tenure, until he left City employment in April 2001, he created a sexually-hostile work environment for the women in the Information Systems (IS) Department as well as a hostile work environment for all of the IS staff.

3.7    This hostile environment was reported to management by the Information Services ("IS") staff at Mr. Jones' six-month review and later at team-building meetings with Rick Martinez.

3.8    The complainants were labeled as "troublemakers" because they complained about the harassment and discrimination.

3.9    Plaintiff's complaints of hostile work environment were ignored and Jim Turpie told him to work around Mr. Jones to get the job done.

3.10    In the fall of 2000, the IS staff voted to join a union, and inquired about it by contacting the IS manager and the union that represented the City employees.

3.11    IS staff was told by Human Resources to forget it, because IS could not belong to a union.

3.12    From the time of Plaintiff's return from sick leave in March 1997 to the day of his termination on August 17, 2001, Mr. Bender was repeatedly asked when he would retire.

3.13    For example, in a December 2000 staff meeting with five other people present, Mr. Jones asked Mr. Bender for a letter of retirement.

3.14    In the fall of 2000, Mr. Bender applied for the position of Support Services Director. Although he had an in-depth knowledge of the business processes of the City,

COMPLAINT - 3

7474-1\kcf\bender\pleadings\complaint

MACDONALD, HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX. (206) 343-3961

exceeded the requirements of the position, and was interviewed, he was not selected for the final candidate list.

3.15   Tim McCarty became Plaintiff's manager in April 2001.

3.16   At an August 1, 2001, meeting of the IS staff with Mr. McCarty, the staff gave Mr. McCarty a chart comparing City and County salaries.

3.17   At that meeting Plaintiff told Defendant McCarty that the staff had voted unanimously to join a union before, and felt that they needed representation because Human Resources would not represent them.

3.18   Plaintiff also told Defendant McCarty he believed that the Human Resources Department had violated the rights of the employees to seek union representation and that they had violated state and federal law.

3.19   During a meeting on August 7, 2001, Defendant McCarty again asked Plaintiff for a letter of retirement.

3.20   Plaintiff told him he would write one at the appropriate time.

3.21   Defendant McCarty also asked if Plaintiff had retirement income.

3.22   On August 13, 2001, Plaintiff found a note in his office from Defendant McCarty with a retirement form, asking him to fill out and sign that form.

3.23   On August 17, 2001, at 3 p.m., Defendant Fulton, the Acting City Manager, terminated Plaintiff without warning, denying him access to the City grievance policy.

3.24   Plaintiff was told he had to be out of the building by 5 p.m. and that he could not come back into the City Hall or anyplace on the premises for any reason.

3.25   Within approximately 10 minutes of his termination, Defendant McCarty sent out an e-mail stating "Lloyd Bender's employment with the City has been terminated effective August 31, 2001. He is on administrative leave until that time. He is not authorized to work on City hardware or software from this day forward."

COMPLAINT - 4

7474-1 \kcf\bender\pleadings\complaint

MacDonald, Hoague & Bayless
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

3.26  Prior to this, City management had discussed contracting with Plaintiff should he retire from work with the City.

3.27  After he was terminated, County personnel contacted Plaintiff at home to see if he would be able to help them install a LAN switch.

3.28  Tuesday of the following week, after a meeting with the City, County representatives told Plaintiff they could not have him work for them.

3.29  At the time of his termination, Defendant City personnel refused to give any reason for terminating Plaintiff, stating simply that his services were no longer needed.

3.30  Shortly after Plaintiff's termination, the City advertised for an IT manager.

3.31  Plaintiff applied for the job, the same management position he had held for four years.

3.32  Although Plaintiff was interviewed for the position he did not make the final candidate list.

3.33  Defendant City tried to hire consultants to complete the work Plaintiff had been doing.

3.34  The two consulting firms that came in to meet with the City to discuss the work wanted to meet with Plaintiff.

3.35  They were both told that they could not do so.

3.36  Subsequently, one consultant did not bid on the projects and the other bid ranged from $37,050 to $98,800.

3.37  The City could not accept the bid because a formal bid is required for items over $20,000.

3.38  As a result of the City's ongoing discrimination against Mr. Bender on the basis of age, disability, and in violation of his First Amendment rights, Mr. Bender has lost

COMPLAINT - 5

7474-1\kcf\bender\pleadings\complaint

MacDONALD, HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX. (206) 343-3961

employment and the attendant benefits, including health care, retirement, salary, and normal salary increases.

3.39    In addition, Plaintiff has been subjected to ongoing emotional distress and humiliation both before and as a result of his wrongful termination.

3.40    It was public knowledge that Plaintiff was terminated, and the method of termination suggests that he did something terribly wrong.

3.41    Plaintiff expected that he would work until approximately age 68.

3.42    Plaintiff was 64 years old at the time he was terminated.

3.43    At all times relevant hereto the acts and omissions of Defendants were taken within the scope of employment with the City of Walla Walla.

3.44    At all times relevant hereto Defendants acted under color of state law.

3.45    At all times relevant hereto the law was well-established that an individual has a First Amendment right to association, and that termination of a public employee for engaging in union activity is a violation of the First Amendment.

### IV.    CAUSES OF ACTION

A.    RCW 49.60

Defendants' conduct described in ¶¶ 3.1 through 3.45 constitutes termination in violation of RCW 49.60 on the basis of age and/or disability.

B.    Violation of First and Fourteenth Amendments

Defendants' conduct as set forth in ¶¶ 3.1 through 3.45 constitutes violation of Plaintiff's First and Fourteenth Amendment rights of association.

C.    42 U.S.C. § 1983

At all times material, Defendants were employed by the City of Walla Walla and were acting within the scope of their employment under color of state law.

COMPLAINT - 6

7474-1\kcf\bender\pleadings\complaint

MACDONALD, HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX. (206) 343-3961

## V. DAMAGES

5.1 As a direct and proximate result of Defendants' unlawful acts and omissions, as set forth in ¶¶ 3.1 through 3.45, Plaintiff has suffered, and continues to suffer, emotional distress, anxiety, humiliation, and economic damages, including but not limited to wage loss and lost benefits, all in an amount to be proven at trial.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

6.1 Economic damages in an amount to be proven at trial;

6.2 General damages in an amount to be proven at trial;

6.3 Punitive damages for violation of 42 U.S.C. § 1983, in an amount to be proven at trial;

6.4 Costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and RCW 49.60; and

6.5 Such other relief as the Court may deem just and equitable.

## VII. JURY DEMAND

Plaintiff demands trial by jury.

DATED *October 8, 2002*.

MacDONALD, HOAGUE & BAYLESS
Attorneys for Plaintiff

By *Katrin E. Frank*
Katrin E. Frank, WSBN 14786

COMPLAINT - 7

7474-1\kef\bender\pleadings\complaint

MacDONALD, HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX (206) 343-3961